# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Irah Lee Goodwin,                                    Case No. 20-CV-1761 (SRN/TNL)

                    Petitioner,

v.                                                   **REPORT AND RECOMMENDATION**

United States of America,

                    Respondent.

---

Petitioner Irah Lee Goodwin pleaded guilty in this District to one count of aiding and abetting assault with a dangerous weapon in aid of racketeering, *see United States v. Goodwin* ("*Goodwin I*"), No. 12-CR-0026 (12) (JRT/JSM) (D. Minn.); and one count of aiding and abetting an assault upon a person assisting federal law enforcement officers, *see United States v. Goodwin*, No. 13-CR-0040 (3) (DWF/JJG) (D. Minn.). Goodwin — who is currently incarcerated at the United States Penitentiary, Allenwood in Pennsylvania — has now filed a petition for a writ of habeas corpus claiming that he was wrongfully deemed a career offender under the United States Sentencing Guidelines in the first of those criminal proceedings. *See* ECF No. 1.

This District is not the correct venue for Goodwin's petition. A petition for habeas corpus relief must be presented in the district in which the petitioner is *detained*, not the district in which the petitioner was *sentenced*. *See* 28 U.S.C. § 2241(a); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009) ("[T]he proper venue for filing a § 2241 petition

1

is the district in which the prisoner is confined."). Goodwin is now detained in Pennsylvania; he cannot seek habeas corpus relief in Minnesota.

A habeas petition filed in the wrong venue may be dismissed without prejudice or, "if it be in the interest of justice," may be transferred to the appropriate district. *See* 28 U.S.C. § 1406(a). This Court concludes that the interests of justice would not be furthered by a transfer. Similar challenges to the one brought by Goodwin in this matter were previously raised in Goodwin's criminal proceeding pursuant to 28 U.S.C. § 2255 and were rejected. *See Goodwin I*, ECF No. 1763 (D. Minn. Aug. 4, 2017); ECF No. 1869 (D. Minn. Oct. 29, 2018). There is no reason to believe that Goodwin's arguments would fare any better in another District, especially as a petition for habeas corpus is likely not the appropriate procedural vehicle through which to raise Goodwin's challenge. *See* 28 U.S.C. § 2255(e).

Accordingly, it is hereby recommended that this matter be dismissed without prejudice.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE**.


Date: August___20___, 2020                    _____*s/ Tony N. Leung*_____
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota


                                              *Goodwin v. United States*
                                              Case No. 20-CV-1761 (SRN/TNL)


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).